C-13-11a
(Rev. 11/09)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:  )
Phillip Jermaine Thomas     SS# xxx-xx-1807  )
Cloteleous Rush Thomas      SS# xxx-xx-5830  )
3519 Mountain Brook Circle  )
Durham, NC 27704            )
                            )  Case No. B-10-82153 C13D
                            )
        Debtors             )

## NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN
## AND TIME FOR FILING OBJECTION THERETO

1. A summary of the plan proposed by the Debtor(s) is set forth in the attached copy of a proposed Order Confirming Plan in this case.

2. The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed. There will be no hearing on confirmation unless a timely objection is filed.

3. Written, detailed objections must be filed within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, Post Office Box 26100, Greensboro, NC, 27420-6100. With copies served on (1) Richard M. Hutson II, Post Office Box 3613, Durham, NC; (2) the attorney for the Debtor(s); and (3) the Debtor(s). If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

4. In the event a timely objection is filed, a hearing on the objection to confirmation and on confirmation of the proposed plan will be held on March 17, 2011, at 11:00 a.m. in Courtroom, Venable Center, Dibrell Building, 280, 302 East Pettigrew Street, Durham, NC. The party objecting must appear at this hearing.

5. If an objection is filed, the party objecting, the Debtor(s) and the attorney for the Debtor(s) are required to appear at the hearing on confirmation.

6. There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.

DATE: January 26, 2011                Office of the Clerk
                                      Reid Wilcox, Clerk

```
C-13-7a
(Rev. 9/07)
```
**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

|  |  |
|---|---|
| In Re: ) | **ORDER CONFIRMING PLAN** |
| ) | **CHAPTER 13** |
| Phillip Jermaine Thomas    SS# xxx-xx-1807 ) | |
| Cloteleous Rush Thomas     SS# xxx-xx-5830 ) | |
| 3519 Mountain Brook Circle ) | |
| Durham, NC 27704 ) | Case No. B-10-82153 C13D |
| ) | |
| Debtors. ) | |

This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and

**IT APPEARING** to the Court as follows:

A. The Trustee in this case is Richard M. Hutson, II, Standing Trustee, Post Office Box 3613, Durham, NC 27702;

B. The attorney for the Debtors is **John T. Orcutt**;

C. Under the final plan (the "Plan") as proposed:

**I.  Plan Payments**

1. The Debtors are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

2. The monthly plan payment to the Trustee is $**2,647.00** beginning **01/21/2011**;

3. The Trustee is the disbursing agent on the attorney fee and all claims unless otherwise indicated;

**II. Administrative Costs**

**1.  Attorney Fees.**

[X] The Attorney for the Debtors will be paid the base fee of **$3,000.00**. The Attorney has received $**1,000.00** from the Debtors pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

[ ] The Attorney for the Debtors has filed application for approval of a fee in lieu of the presumptive fee and the attorney fee will be allowed by separate Order.

**2.   Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

ltp

**III. Priority Claims**

Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

1. Domestic Support Obligations ("DSO")
2. Internal Revenue Service ------------------$935.59
3. North Carolina Department of Revenue
4. Durham County Tax Collector---------------$116.23

**IV. Secured Claims**

1. Continuing Long Term Debts Pursuant to 11 U.S.C. §1322(b)(5) secured by Real or Personal Property. **See Paragraph 27 of this Order**.

    a. To Be Paid Directly By The Debtors.

    To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property.

    | Creditor & Property | Claim Filed (Y/N) | Regular Payment |
    |---|---|---|

    **None**

    b. To Be Paid By The Trustee.

    The Trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtors to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment. Any pre-confirmation adequate protection payments on personal property claims, if applicable, will be credited first to the arrearage.

    | Creditor & Property | Claim Filed (Y/N) | Regular Ongoing Payment and Effective Month | Arrearage Due thru Month & Amount | Arrearage Payment |
    |---|---|---|---|---|
    | **BAC Home Loans (deed of trust)** | N | $1,484.00 04/11 Per Debtors | 03/11 = unknown | to be determined |

2. Real Property Secured Claims To Be Paid In Full.

    To receive disbursements, a creditor must file a proof of claim with evidence of a non-preferential perfected lien. If a claim has not been filed the amount to be paid has been estimated by the Debtors.

    | Creditor & Property | Claim Filed (Y/N) | Amount | Monthly Payment | Interest Rate |
    |---|---|---|---|---|
    | **Durham County Tax Collector (real property taxes)** | N | unknown | to be determined | 9% |

3. Personal Property Secured Claims To Be Paid In Full.

To receive disbursements, a creditor must file a proof of claim with evidence of a non-preferential perfected lien. If a claim has not been filed the amount to be paid has been estimated by the Debtors. Any pre-confirmation adequate protection payments disbursed by the Trustee will be credited against the principal amount to be paid.

| Creditor & Property | Claim Filed (Y/N) | Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **Home Credit** (2002 GMC Yukon) (title entry 9/27/10) (910 claim) | Y | $10,675.58 | $336.24 | 5.25% | $66.00 |

**Home Credit ("the creditor") shall receive adequate protection payments in the amount of $66.00 per month for three (3) months from confirmation, after which point the Chapter 13 Trustee shall commence equal monthly payments in the amount of $336.24, until such time as the claim is satisfied. Pursuant to 11 U.S.C. §1326(a)(5)(B)(i), the creditor shall retain its lien against the automobile until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the Debtor's discharge pursuant to 11 U.S.C. §1328.**

| Creditor & Property | Claim Filed (Y/N) | Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **Mohammed Ali's Auto** (1999 Infiniti) | N | unknown | $178.56 | 5.25% | $24.00 |

**Mohammed Ali's Auto ("the creditor") shall receive adequate protection payments in the amount of $24.00 per month for three (3) months from confirmation, after which point the Chapter 13 Trustee shall commence equal monthly payments in the amount of $178.56, until such time as the claim is satisfied. Pursuant to 11 U.S.C. §1326(a)(5)(B)(i), the creditor shall retain its lien against the automobile until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the Debtor's discharge pursuant to 11 U.S.C. §1328.**

4. Real Property and Personal Property Partially Secured Claims.

Any timely filed proof of claim documenting evidence of a non-preferential perfected lien against the property indicated below will be paid by the Trustee as secured up to the value of the property as indicated with any balance being an unsecured general claim. The property is found to have a value not to exceed the amount indicated below. Any objection to valuation is required to be filed as a formal objection to valuation not later than 60 days from the date of the entry of this Order. Upon timely filing of an objection to valuation, a valuation hearing will be scheduled. Should no timely objection to valuation be filed, the value of the property is found to be as indicated below. No disbursement will be made until the timely filing of a proof of claim showing a non-preferential perfected lien. Any pre-confirmation adequate protection payments disbursed by the Trustee, if applicable, will be credited against the secured value to be paid.

| Creditor & Property | Claim Filed (Y/N) | Secured Value | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|

**None**

5. Real Property To Be Released.

   Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 180 days from entry of this Order to file a documented deficiency claim after liquidating the property which, if timely filed, will be paid as an unsecured general claim. Failure to file a timely deficiency claim shall result in any release of the property being in full satisfaction of the Debtors' liability. Any excess proceeds remaining after satisfaction of liens shall be turned over to the Trustee. **See Paragraph 11 of this Order.**

   | Creditor | Property to be released | Claim filed (Y/N) |
   |---|---|---|

   **None**

6. Personal Property To Be Released.

   Upon timely filing of a claim documenting a non-preferential perfected lien the following property is released for liquidation and the creditor is allowed 120 days from entry of this Order to file a documented deficiency claim after liquidating the property. Any such timely claim, if allowed, will be paid as an unsecured general claim. Failure to file a timely deficiency claim shall result in any release of the property being in full satisfaction of the Debtors' liability. Any excess proceeds remaining after satisfaction of liens shall be turned over to the Trustee.
   **See Paragraph 11 of this Order.**

   | Creditor | Property to be released | Claim filed (Y/N) |
   |---|---|---|

   **None**

**V. Specially Classified Co-Debtors Claims**

Creditors indicated below will be paid in full with interest at the contract rate. To receive disbursements, a creditor must file a timely claim documenting either liability of the Debtors and a non-Debtor or documenting non-Debtor property securing a debt of the Debtors.

| Creditor | Claim Filed (Y/N) | Filed or Estimated Amount | Monthly Payment |
|---|---|---|---|

**None**

**VI. General Unsecured Claims Not Separately Classified.**

General unsecured claims not separately classified will be paid on a pro rata basis as funds become available after payment of costs of administration. The estimated dividend to general unsecured claims is **0%**.

**VII. Executory Contracts/Leases**

The following executory contracts or leases are assumed.

1. To Be Paid directly by the Debtors.

   A proof of claim must be filed, documenting the contract or lease.

   | Creditor | Property | Monthly Payment |
   |---|---|---|

   **None**

2.  To Be Paid by the Trustee.

    A proof of claim must be filed, documenting the contract or lease, in Order for disbursements to commence.

    | Creditor & Property | Regular Monthly Payment and Effective Date | Arrearage Due Thru Month Indicated & Amount of Arrearage | Payment |
    |---|---|---|---|

    **None**

3.  The following executory contracts or leases are rejected.

    | Creditor | Property |
    |---|---|

    **None**

**VIII. Special Provisions**

   **None**

**IX.** The Debtors will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, **OR** a **minimum** of **36** monthly plan payments, with the plan to be reviewed in six (6) months and periodically thereafter for plan payment adjustments;

**X.** There will be no separate payment on arrearage claims unless indicated otherwise herein; and,

**XI.** **IT FURTHER APPEARING** to the Court:

   (i) No party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. §521(i)(2) and because the parties in interest should not be subjected to any uncertainty as to whether this case is subject to automatic dismissal under 11 U.S.C. §521(i)(2), the Debtors are not required to file any further document pursuant to 11 U.S.C. § 521(a)(1)(B) to avoid an automatic dismissal and this case is not subject to automatic dismissal under 11 U.S.C. § 521(i)(1).

   (ii) The Plan complies with the provisions of Chapter 13 of the Bankruptcy Code and all other applicable provisions of the Bankruptcy Code.

   (iii) All fees, charges or amounts required to be paid before confirmation of the Plan or by the provisions Title 28, United States Code, have been paid.

   (iv) The plan has been proposed in good faith and not by any means forbidden by law.

   (v) As of the effective date of the Plan, the value of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

   (vi) With respect to each allowed secured claim provided for in the Plan, the treatment complies with 11 U.S.C. §1325(a)(5).

   (vii) The Debtors will be able to make all plan payments and to comply with the Plan.

(viii) The Debtors' filing of this case was in good faith.

(ix) The Debtors are current on all post-petition domestic support obligations.

(x) The Debtors have filed all applicable required tax returns.

(xi) The Plan has been transmitted to all parties in interest and the notice of the confirmation hearing required by Bankruptcy Rules 2002 and 3015 have been given.

(xii) Any filed objections to the plan not specifically addressed herein are hereby overruled.

(xiii) Debtors' attorney fees proposed in the Plan and set forth below are found to be reasonable and are hereby approved and allowed; therefore, it is

ORDERED as follows:

1. The plan is confirmed.

2. The Debtors are not required to file any further document pursuant to 11 U.S.C. §521(a)(1)(B) to avoid an automatic dismissal and this case is not subject to automatic dismissal under 11 U.S.C. §521(i)(1). This does not prevent any party interest from requesting by motion that the Debtors supply further information described in §521(a)(1)(B), and does not prevent the Chapter 13 Trustee from requesting by any authorized means, including but not limited to, a motion that the Debtors supply further information.

3. The Trustee shall collect and disburse the plan payments in accordance with the Plan and this Order as soon as practicable.

4. The payments shall continue as provided in the Plan and this Order until voluntarily increased by the Debtors or until further Orders are entered affecting the Plan or the payments.

5. The attorney for the Debtors is allowed a fee in the amount of $3,000.00 and such amount, less payments received pre-petition, will be paid by the Trustee as funds are available unless otherwise ordered by the Court.

6. The Trustee shall receive from payments such expenses and compensation as provided under the Bankruptcy Code, Title 28 of the United States Code and Orders of this Court.

7. The Debtors must obtain the approval of the Trustee before incurring any debt of $1,000.00 or less. The Debtors must obtain approval of the court before incurring any debt greater than $1,000.00. All credit cards shall be canceled and surrendered immediately.

8. During the term of the Plan the Debtors shall timely file all required federal and state tax returns and pay all taxes when due.

9. The Debtors shall provide copies of tax returns to the Trustee within 10 (ten) days of the Trustee's request. The Trustee may request that the Debtors provide copies of future tax returns. If so, the Debtors shall provide the copy within 10 (ten) days after the return is filed. The Debtors' failure to provide post-petition tax returns may constitute cause for conversion to Chapter 7 or dismissal of the case under 11 U.S.C. §1307(c).

10. The Debtors shall remain current on all post-petition domestic support obligations, if any, and the Debtors' failure to pay post-petition domestic support obligations may constitute cause for conversion to Chapter 7 or dismissal of the case under 11 U.S.C. §1307(c).

11. All creditors holding allowed secured claims under Article IV, Sections 5 and 6, to whom the Debtors are surrendering property pursuant to this Plan are granted relief from the automatic stay so that they may obtain possession and liquidate the security interest.

12. Creditors with pre-petition claims that are excepted from the Debtors' discharge are enjoined from initiating any collection actions against the Debtors until this case is closed, dismissed or converted to another chapter under Title 11 unless the creditor obtains relief from this Order.

13. The term of the Plan may be extended up to 60 months to pay priority and secured claims in full.

14. The Debtors shall not transfer any interest in real property or personal property having a value greater than $750.00 without the prior approval of this Court.

15. The Debtors shall maintain collision insurance on any vehicle on which there is a lien. If insurance is not maintained, the Debtors are ordered to store the vehicle as directed by the Trustee.

16. The employer of the Debtors shall deduct and remit funds from the wages, salary or commissions of the Debtors as directed by the Trustee.

17. Providing for a claim under this plan does not bar objections to the claim.

18. Notwithstanding any provision of the plan to the contrary, all property of the estate, as specified by 11 U.S.C. §§541 and 1306, shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, conversion or closing of the case.

19. The property serving as collateral for secured claims is valued at the amounts allowed herein with the exception of fully secured claims for which the value is deemed to be equal to or greater than the allowed secured claim. The property serving as collateral for secured claims is necessary to the Debtors for successful completion of the plan.

20. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the Plan is without res judicata effect as to any action to avoid a lien.

21. If real or personal property is surrendered after confirmation, all payments on any secured claim will terminate effective with the release.

22. Pursuant to 11 U.S.C. §365(p)(3), if a lease of personal property in which the Debtors are lessees is not assumed prior to or pursuant to the entry of this Order, the leased property is no longer property of the estate and the stay under 11 U.S.C. §362 and the co-Debtors stay under 11 U.S.C. §1301 are automatically terminated.

23. All insurance and extended service contract coverage on unsecured general claims is canceled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein.

24. The Internal Revenue Service and the North Carolina Department of Revenue are authorized to offset any refund due the Debtors against any allowed secured or priority claim and to issue refunds directly to the Debtors unless otherwise ordered by this Court or instructed by the Trustee.

25. All creditors during the pendency of this case are restrained from commencing or continuing any civil action or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this plan from any individual that is liable on such debt with the Debtors as endorser, guarantor or co-maker unless further ordered by the Court.

26.    The holder of any claim secured by a lien on property of the estate, other than a mortgage or lien treated in Section C IV(1)(a) or (b), shall retain the lien until receipt of all payments provided for by this plan on account of the claim, including payments on account of any unsecured portion of the claim, at which time the lien shall terminate and be released by the creditor.

27.    The treatment outlined below is applicable to any holder and or servicer of a claim (hereinafter the "Creditor") which is covered under Section C(IV)(1) of this Order and which is secured by a deed of trust, mortgage or security interest in real property or a mobile home:

a.    **Account to be deemed current.**  The Creditor must deem the account current upon confirmation, thereby precluding the imposition of late charges or other default-related fees based solely on pre-confirmation default.

b.    **Ongoing Payments.**  If the Trustee is disbursing ongoing monthly installment payments (hereinafter "ongoing payments"), the Creditor must apply each ongoing payment to the month in which the payment is designated to be made under Section C(IV)(1)(b) of this Plan, whether the payment is immediately applied to the loan or is placed into a suspense or forebearance account. Ongoing monthly payments made in a timely manner must be applied and credited without penalty. The Creditor must make appropriate adjustments to the ongoing monthly payment amount to reflect escrow account changes, adjustable rate mortgage changes and any other changes required by the note and security agreement. The Creditor must notify the Trustee, Debtors and Debtors' Attorney in writing of any change in the ongoing payment and the effective date of the change. This notification must be given before the change occurs or within 30 days thereafter and must include an itemization of the change by principal, interest, escrow and any other costs. Failure to provide timely notice of a payment change may result in a waiver of the Creditor's right to collect any increase in the ongoing payments.

c.    **Arrearage Claim.**  The Creditor's claim for the cure amount (hereinafter the "arrearage claim") should include all unpaid amounts through the month indicated in Paragraph C(IV)(1)(b) of this Plan. The arrearage claim shall consist of the following items to the extent they are unpaid, are listed and separately itemized on the Creditor's Proof of Claim, are reasonable and have actually been incurred, and are authorized and properly assessed under the terms of the note and security agreement and applicable non-bankruptcy law: installment payments due; escrow shortage or deficiency; attorney fees and costs; fees for services performed in connection with pre-petition default or for the purpose of protecting the Creditor's interest in the note and security agreement; late fees; and any additional fees or costs to which the Creditor is entitled under the terms of the note and security agreement or applicable non-bankruptcy law. The Creditor must apply payments received on the arrearage claim only to such arrearages.

d.    **Monthly statements.**  The Creditor is to send monthly statements to the Debtors and such statements will not be deemed a violation of the Automatic Stay.

e.    **Escrow analysis**.  For any loan with an escrow account, the Creditor must prepare and must send an escrow analysis annually to the Debtors, Trustee and Debtors' Attorney. The first escrow analysis must be sent no later than one year following confirmation of this plan. The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

f.    **Advances for taxes and/or insurance**.  If there is no escrow account but the Creditor advances funds to pay taxes and/or insurance, the Creditor must notify the Trustee, Debtors, and Debtors' Attorney in writing within 60 days following each advance, giving the amount advanced, the recipient of the advance and the date on which the advance was made.

g.    **Postpetition fees, expenses or charges**.  The Creditor must provide annually to the Trustee, Debtors and Debtors' Attorney notice of any fees, expenses or charges which accrued or were incurred after the Chapter 13 petition was filed and which the Creditor contends are recoverable against the Debtors or the Debtors' account. If the Creditor fails to provide notice for any given year, the failure may be deemed a waiver of any claim for fees, expenses or charges which arouse during that year.

h.   **Release of information to Trustee**.  The Creditor is required, upon request, to provide information to the Trustee about the account.

i.   **Mortgage deemed current upon discharge**.  Prior to completion of payments under this plan, any party in interest may seek a determination concerning the sufficiency of payments received under the plan.  Unless the Court orders otherwise pursuant to a motion or pleading filed by a party in interest, an Order granting a discharge in this case shall be a determination that all prepetition and postpetition defaults have been cured and that the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.  Any willful failure of the Creditor to credit payments in the manner required by this Plan or any act by the Creditor following the entry of discharge to charge or collect any amounts incurred or assessed prior to the filing of this Chapter 13 Petition or during the pendency of this case that were not authorized by this Plan or approved by the Court after proper notice shall be a violation of 11 U.S.C. §524(i) and the injunction under 11 U.S.C. §524(a)(2).

28.  The Trustee is authorized to record on the public records any documents the Trustee deems advisable for the purpose of giving all persons notice of this case.